IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISETTE ECHEVARRIA LUGO | : | CIVIL ACTION |
| | : | No. 13-7598 |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, Acting | : | |
| Commissioner of Social Security | : | |

O'NEILL, J.                                                                                                  May 19, 2016

## MEMORANDUM

In this action, plaintiff Lisette Echevarria Lugo seeks review of the Social Security Commissioner's decision denying her claim for supplemental social security income benefits. I referred plaintiff's case to United States Magistrate Judge Marilyn Heffley for a report and recommendation[1] and Judge Heffley recommended that plaintiff's case should be remanded to the Commissioner for further review. Dkt. No. 24 at ECF p. 22. Defendant filed timely objections to the report and recommendation, Dkt. No. 25, to which plaintiff has not filed any response. For the reasons that follow I will adopt the report and recommendation in part, sustain defendant's second objection and deny plaintiff's request for review.

## BACKGROUND

Plaintiff testified that she is 5'3 and weighs 273 pounds, which, according to the ALJ, reflects "a morbidly obese BMI" or body-mass index. Dkt. No. 12-2 at ECF p. 29. Relevant here, the ALJ found that, for plaintiff, obesity was a severe impairment as were diabetes mellitus, degenerative changes of the thoracic spine and depression with complaints of anxiety. Dkt. No. 12-2 at ECF p. 29. He wrote that "[w]ith all of the listed conditions, the record reflects that they

---

[1] A district court judge may refer an appeal of a decision of the Commissioner to a magistrate judge. See 28 U.S.C. § 636(b)(1).

are well controlled with medication and appropriate treatment, presenting no evidence of residual abnormalities that have more than a minimal effect on the claimant's ability to perform work activities on a regular and continuing basis." Dkt. No. 12-2 at ECF p. 29-30.  The ALJ noted that plaintiff's "obesity does not fall within the criteria of a listed impairment," but explained that "pursuant to Social Security Ruling 02-1p, it must be considered in conjunction with other related conditions."  Dkt. No. 12-2 at ECF p. 29.  He wrote that "[t]he claimant's obesity, musculoskeletal irregularities, and diabetes do not effectively meet the requirements of" a listed impairment.  Id.

In rendering his decision, the ALJ considered medical evidence of record, specifically referencing, inter alia, Exhibits 2F-3F, 7F-11F and 17F-19F.  Dkt. No. 12-2 at ECF p. 33.  Although he does not specifically refer to plaintiff's obesity in discussing his consideration of her treatment records, the records the ALJ cites in his decision include numerous references to plaintiff's weight or diagnosed obesity.  See, e.g. Dkt. No. 12-7 at ECF p. 43 ("morbidly obese"), 123 ("obesity), 136 ("obese female"); Dkt. No. 12-10 at ECF p. 11 (noting obesity and explaining that plaintiff "met with dietician previously" and was "working on therapeutic lifestyle changes"), 14 ("has gained some weight since last appointment"), 18 ("working on diet and exercise"), 23 ("weight is improved slightly from last appointment"), 32 ("weight reduction with current meal plan advised").  In reaching his ultimate determination, the ALJ also notes that he gave "great weight" to the report of Robert Vigderman, M.D., who "found no signs of clinical restriction in the claimant's ability to perform work-related physical activity, other than those imparted by her large girth."  Dkt. No. 12-2 at ECF p. 34.  The ALJ also gave "great weight" to the opinion of Dr. Charles Muvdi who "concluded that [plaintiff] suffered from no ongoing workplace functional limitations."  Id.  The ALJ concluded that plaintiff had "the residual

functional capacity to perform medium work . . . ." Id. at ECF p. 31. He found that plaintiff's "statements concerning the intensity, persistence and limiting effects," id. at ECF p. 33, of her symptoms – "ongoing pain, limited mobility, complaints of falling, side effects from medication, and mental impairment symptoms," id. at ECF p. 32, were "not credible to the extent that they [we]re inconsistent with [her] residual functional capacity assessment." Id. at ECF p. 33.

In her request for review of the ALJ's decision, plaintiff contends that her "severe condition of obesity was not evaluated." Dkt. No. 21 at ECF p. 10. She asserts that "an assessment should be made of the effect of obesity on claimant's ability to perform routine movement and necessary physical activity within the work environment" and that "the combined effect of obesity with other impairments must be evaluated." Id. at ECF p. 11. She explains that in addition to obesity, she "has also been found to have severe impairments regarding her diabetes mellitus and degenerative changes of her thoracic spine." She notes that "[b]oth of these *can* interact with the severe obesity found here to cause greater impairments than may be found from those impairments considered individually." Id. at ECF p. 11-12 (emphasis added). However, plaintiff does not direct the Court to any specific evidence in the record to show that either diabetes or the degenerative changes to her thoracic spine do, in fact, interact with her obesity to cause a greater impairment when combined than when they are considered alone.

In her report and recommendation, Judge Heffley concludes that it was "not clear whether a finding of disability would be supported by substantial evidence" and agrees with plaintiff "that the ALJ failed to properly address Lugo's obesity." Dkt. No. 24 at ECF p. 22. Judge Heffley explains that "after finding that Lugo's obesity was a severe impairment, the ALJ failed to meaningfully address her obesity and any effect it may have had on her." Dkt. No. 24 at ECF p. 17. Specifically, she notes that "the ALJ twice mentioned generally his obligation to

consider obesity as required under Social Security Ruling 02-01p in reaching his conclusions at the second through fifth steps of the sequential evaluation process," but he "otherwise made no mention of Lugo's obesity and its effects on her other impairments or work ability in his decision."  Dkt. No. 24 at ECF p. 17-18.  She explains that the ALJ did not "explain as part of the RFC analysis how Lugo's obesity affected her ability to walk and stand during an eight-hour work day.:  Dkt. No. 24 at ECF p. 19.  Judge Heffley concludes that, "[w]hile the ALJ may have intuitively considered Lugo's obesity, absent explicit discussion and analysis, the ALJ has precluded this Court from assessing whether the ALJ properly considered her obesity."  Dkt. No. 24 at ECF p. 19.  Accordingly, she recommends that this case be remanded to the Commissioner for further consideration of Lugo's obesity.  Id. at ECF p. 22.

Defendant objects that remand is not warranted.  Specifically, defendant contends that "[t]he ALJ properly evaluated Plaintiff's obesity . . . by reviewing her obesity at each step, and accounted for any limitation by restricting her to medium work."  Dkt. No. 25 at ECF p. 1.  Defendant also contends that "Plaintiff only speculates about the potential impact of her obesity, but does not persuasively demonstrate how further articulation regarding her obesity would have changed the outcome of the ALJ's decision."  Dkt. No. 25 at ECF p. 6.  I consider defendant's objections below.

## STANDARD OF REVIEW

In assessing defendant's objections, I must evaluate de novo those portions of the report and recommendation to which objection has been made.  28 U.S.C. § 636(b)(1)(C).  I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.; see also Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

The issue to be addressed on appeal from a denial of benefits is whether the decisions of

the administrative law judge are supported by substantial evidence.  Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  (citation and internal quotation marks omitted).  "It is less than a preponderance of the evidence but more than a mere scintilla." Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995). "Overall, the substantial evidence standard is deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence."  Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 433 (3d Cir. 1999).  Where the ALJ's factual findings are supported by substantial evidence, I am bound by them even if I would have reached different conclusions.  See Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).  A reviewing court may not "[w]eigh the evidence or substitute [its own] conclusions for those of the fact-finder."  Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

## DISCUSSION

With respect to defendant's first objection, it is a close question as to whether the ALJ sufficiently accounted for plaintiff's obesity in rendering his decision.  Where an ALJ characterizes obesity as a severe impairment, the ALJ "must meaningfully consider" it in the subsequent steps of his decision.  Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 503-04 (3d Cir. 2009).  Meaningful consideration demands that an ALJ "clearly set forth the reasons for his decision."  Id., citing Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119 (3d Cir. 2000).  The line between what constitutes meaningful consideration and insufficient consideration of a plaintiff's obesity can be difficult to discern.

On the one hand, it has been found that an ALJ's consideration of a claimant's obesity is insufficient where a "decision does not mention how [the claimant's] obesity may have mitigated

or exacerbated the severity of her other individual impairments, nor does the decision address why the combination of all of her impairments, including her obesity, did not equal a Listing." Ward v. Comm'r of Soc. Sec., No. 13-763, 2015 WL 5823061, at *6 (D.N.J. Oct. 1, 2015). Accordingly, in Hernandez v. Colvin, the Court held that where "[t]he ALJ specifically acknowledged that [the plaintiff's] obesity was a severe impairment," she "was required to clearly set forth, without using conclusory statements, her reasons for finding that the plaintiff's obesity did not constitute the medical equivalent of a listed impairment." No. 12-4349, 2014 WL 5343672, at * (E.D. Pa. Oct. 20, 2014). In Edwards v. Astrue, Magistrate Judge M. Faith Angell recommended remand because "[t]here was no discussion regarding how [the plaintiff's] obesity affected her" other conditions and "[t]he ALJ's severity finding . . . triggered an obligation to discuss [the plaintiff's] obesity, individually and in combination with her lumbar degenerative disc disease, status post left knee medial meniscus surgery, and mild carpal tunnel syndrome right wrist." No. 10-1088, 2011 WL 1430324, at *8 (E.D. Pa. Apr. 6, 2011), approved and adopted by Edwards v. Astrue, No. CIV.A.10-1088, 2011 WL 1449546, at *1 (E.D. Pa. Apr. 14, 2011); see also Ellis v. Astrue, No. 09-1212, 2010 WL 1817246, at *5 (E.D. Pa. Apr. 30, 2010) ("It was legally insufficient to merely acknowledge an obligation to assess [the plaintiff's] obesity without further discussion or analysis."); Page v. Colvin, No. 14-0295, 2014 WL 4925186, at *5 (W.D. Pa. Sept. 30, 2014) (remanding "to consider the effect of the plaintiff's obesity, individually and in combination with his other impairments" where there was "no explicit analysis of the cumulative impact of [the plaintiff's] obesity and the other impairments of his functional ability").

On the other hand, it has been held that meaningful consideration "does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis." Diaz,

577 F.3d at 504 (citation omitted). "Magic words" are unnecessary. Id.; see Muniz v. Astrue, No. 11-7920, 2012 WL 6609006, at *4 (E.D. Pa. Dec. 19, 2012) ("the proper analysis could occur at step five without explicit use of the word 'obesity' so long as its effects were taken into consideration"). Accordingly, in Gunter v. Colvin, the Court found that the ALJ adequately considered the effect of plaintiff's obesity on his arthritic condition where "the ALJ explicitly acknowledged his obligation to take Plaintiff's obesity into account in his sequential disability evaluation, including when he was assessing the pain and limitations associated with Plaintiff's arthritis, and stated that he did, in fact, take Plaintiff's obesity into account." No. 12-6498, 2014 WL 4186501, at *3 (E.D. Pa. Aug. 25, 2014). The Court explained that, "[m]oreover, the ALJ simply evaluated the medical opinions in the record, which were offered by doctors who were no doubt aware of [the p]laintiff's obesity." Id.; see also Bullock v. Colvin, No. 13-3692, 2015 WL 3999520, at *6 (E.D. Pa. July 1, 2015) (finding that the substantial evidence supported the ALJ's finding that  properly considered and discussed the plaintiff's obesity where he considered a record that included assessments of the plaintiff's limitations by consultative physicians that "considered Plaintiff's obesity").

Here the ALJ noted plaintiff's morbidly obese BMI and determined that her obesity was a severe impairment. He then explained his obligation to consider plaintiff's obesity in conjunction with other related conditions and "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . ." Dkt. No. 12-2 at ECF p. 31-32. In so doing, he specifically considered medical records which referenced plaintiff's weight or diagnosed obesity. Id. at ECF p. 33. Ultimately, he concluded that she had the residual functional capacity to perform medium work. Id. at ECF p. 31.

I will not here decide whether the ALJ sufficiently accounted for plaintiff's obesity in rendering his decision because, even if he did not, I find that remand is not warranted in this case for the reason set forth in defendant's second objection.  Plaintiff "must '*explain*[ ] . . . how the . . . error to which [s]he points could have made any difference.'"  Holloman v. Comm'r Soc. Sec., No. 15-2293, 2016 WL 475976, at *2 (3d Cir. Feb. 8, 2016), quoting Shinseki v. Sanders, 556 U.S. 396, 413 (2009) (emphasis in Holloman).  "The problem for Plaintiff . . . is that she has pointed to no medical evidence of record that her obesity *has* caused a substantial or relevant work-related limitation of her functioning.  Absent that, the ALJ could not have come to any other conclusion . . . ."  Santini v. Comm'r of Soc. Sec., No. 08-5348, 2009 WL 3380319, at *6 (Oct. 15, 2009), aff'd 413 F. App'x 517 (3d Cir. 2011).  Consequently, in Santini, the Court of Appeals affirmed the District Court's conclusion that the "ALJ's finding [was] supported by substantial evidence, as Santini failed to provide any medical evidence indicating that her obesity has a significant effect on her functional capacity."  413 F. App'x at 520.

Likewise, in Thorne v. Colvin, No. 13-2139, 2015 WL 3498642, at *6 (E.D. Pa. June 3, 2015), where plaintiff was found to have obesity as a "severe impairment," the Court concluded that "even though the ALJ erred in failing to discuss the effect of Plaintiff's obesity upon her ability to perform work-related functions, the error was indeed harmless."  The Court explained that "Plaintiff has failed to point to any evidence in the record that supports a finding that obesity worsened her symptoms or impacted them in any way . . . ."  Id.  At her "hearing before the ALJ, [the p]laintiff made no mention of her obesity, other than stating her height and weight, and noting that she had gained about twenty-five pounds in eight months because of her medication."  Id.  The Court explained that although the plaintiff described symptoms of musculoskeletal pain, "she did not allege that her obesity did exacerbates the pain."  Id.

Similarly, in <u>Jones v. Colvin</u>, No. 11-6698, 2013 WL 5468305, at *1 n.1 (E.D. Pa. Oct. 1, 2013) the Court declined to grant the plaintiff's request for remand where his "objections [to the report and recommendation] d[id] not contain a single citation to record evidence that would have supported a finding by the ALJ that his obesity, considered either individually or in connection with other impairments, added any work restrictions above and beyond those imposed by his other impairments." The Court explained that "the ALJ was not required to analyze further the connection between Claimant's obesity and his other impairments when his doctors' reports apparently found the connection not worth mentioning" and the "[c]laimant himself even failed to mention obesity when the ALJ asked him why he was unable to work." <u>Id.</u>

And this Court, in <u>Suarez v. Astrue</u>, 996 F. Supp. 2d 327, 332 (E.D. Pa. 2013), adopted the recommendation of Magistrate Judge Jacob P. Hart that remand was "not necessary . . . because the evidence, including medical records, application forms, and Suarez's testimony, would not support a conclusion that her obesity, individually or in combination with her other impairments – rendered her unable to work." The plaintiff "ha[d] not pointed to any evidence in the record which would support" a claim that her obesity might have an effect upon her ability to do work. <u>Id.</u> at 333; <u>see also</u> <u>Rutherford v. Barnhart</u>, 399 F.3d 546, 553 (3d Cir. 2005) ("Rutherford has not specified how [her obesity] would affect the five-step analysis undertaken by the ALJ, beyond an assertion that her weight makes it more difficult for her to stand, walk and manipulate her hands and fingers. That generalized response is not enough to require a remand . . . .").

Here, plaintiff "has not shown how consideration of her obesity expressly would 'affect the outcome of the case,' in any more than a generalized way." <u>Hankins v. Colvin</u>, No. 13-4929,

2015 WL 2118770, at *4 (E.D. Pa. May 6, 2015), quoting Rutherford, 399 F.3d at 553.  In an undated disability report, plaintiff identified the conditions which limited her ability to work as: "Back problems, spasms, diabetes, and depression."  Dkt. No. 12-6 at ECF p. 3.  She did not reference her weight.  Id.  At her administrative hearing, plaintiff only specifically referenced her weight once, explaining:  "I have gained a lot of weight and if I lose five pounds, I gain 10 more."  Dkt. No. 12-2 at ECF p. 62.  Asked why she was unable to work, plaintiff explained that she "started falling and things like that and then they told me what I have is arthritis.  Then I get a lot of pain in the whole right side of my back. . . . ."  Dkt. No. 12-2 at ECF p. 52.  She did not mention her obesity as contributing to her inability to work.  Id.  The consultative examiner Dr. Charles Muvdi found no functional limitation in her ability to perform work-related physical activity.  Dkt. No. 12-13 at ECF p. 22-23.  In her request for review, plaintiff does not direct the Court to any specific evidence in the record to show that either diabetes or her back problems in fact interact with her obesity so as to have any impact on her ability to function.  Instead, she merely postulates that her conditions "*can* interact with the severe obesity found here to cause greater impairments than my be found from those impairments considered individually."  Dkt. No. 21 at ECF p. 11-12 (emphasis added).  And plaintiff has filed no response to defendant's objection – thus providing the Court with no further guidance with respect to what obesity-related limitations were missing from the ALJ's consideration of her residual functional capacity.  She has not shown that it is likely that remand would result in any different result.  This is not enough to require review.  "[T]he Court cannot remand the ALJ's decision based on the failure to confront evidence that does not exist."  Neff v. Astrue, 875 F. Supp. 2d 411, 423 (D. Del. 2012) (declining to remand where the plaintiff "fail[ed] to point to any evidence in the record in support of the finding that obesity worsened her symptoms").  I will sustain defendant's second

-11-

objection and affirm the decision of the Commissioner of Social Security.

      An appropriate Order follows.